UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER G. CRETS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-1347-SRW |
| | ) |
| JASON LAMB, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Christopher Crets's application to proceed in the district court without prepaying fees or costs. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the application and charge plaintiff a $1.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.[1]

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Under the Prison Litigation Reform Act, prisoners are responsible for their filing fees the moment they bring a civil action or file an appeal. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (citation omitted). Thus, plaintiff must pay the filing fee despite the dismissal of his complaint. *Id.*

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his application, plaintiff has not submitted a certified account statement as required by 28 U.S.C. § 1915(b)(1). In a letter to the Court dated December 21, 2023, plaintiff states that he requested a copy of his account statement from the jail but was told "they do not do that." (ECF No. 5). Based upon the incomplete application, it is unclear if plaintiff receives any wages or has received any income in the past 12 months. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d

912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is a pretrial detainee incarcerated at the Warren County Sheriff's Department in Warrenton, Missouri. He brings this suit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights following his arrest. He names as defendants (1) Judge Jason Lamb (Warren County Circuit Court), (2) Sheriff Kevin Harrison (Warren County Sheriff's Department), (3) Court Clerk Tim Beard (Warren County Circuit Court), and (4) the Warren County Circuit Court. Plaintiff sues the individual defendants in their official capacities only.

Plaintiff's claims relate to pending state criminal proceedings in which he is a defendant. Plaintiff does not specify the particular case or cases from which his claims arise but review of Missouri Case.net shows that plaintiff is a defendant in two state criminal proceedings: *State v. Christopher George Crets*, No. 20BB-CR00638-01 (12th Jud. Cir. 2020) and *State v. Christopher George Crets*, No. 21BB-CR00467-01 (12th Jud. Cir. 2021). Because the complaint references an arrest on May 2, 2020, the Court will assume plaintiff's allegations pertain to case number 20BB-

3

CR-00638-01, which was filed as case number 20BB-CR-00638 on May 3, 2020. In that case, plaintiff is charged with abuse or neglect of a child, second-degree kidnapping, and four counts of unlawful possession of a firearm.[2]

Plaintiff states that he has lost his property, employment, and "reputation as a family man" due to the "unfounded allegations" in that case. Plaintiff states there is "no trial date in si[ght]."[3] He further asserts that his "children and spouse were intimidated and coerced by the Warren County Sheriff's Department [and] the Warren County Court," although he does not explain what action his children and spouse were coerced to take.

Plaintiff contends that defendants' "actions and inactions" left him "unprotected by the rules and laws that were put in place to protect [him]." Plaintiff asserts that defendants have treated him "with disdain and indifference[.]" He alleges that jail personnel have denied his requests for previously prescribed medical treatments and for injuries inflicted on plaintiff by other inmates. He states that Judge Lamb is "ultimately responsible for" the conduct of the prosecutors and the wrongdoings of court personnel, including Circuit Clerk Tim Beard. Plaintiff further states that Sheriff Kevin Harrison is responsible for plaintiff's protection, safe housing, and transport to court proceedings.

For relief, plaintiff seeks dismissal of all pending criminal charges and $825,613,327.57 in damages.

---

[2] This information comes from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").
[3] According to Case.net, plaintiff's trial is currently set for April 25, 2024.

**Discussion**

Liberally construed, plaintiff appears to assert that defendants violated his due process rights and were deliberately indifferent to his medical needs. Having carefully reviewed the complaint, and for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(b).

**I. Judge Lamb**

Plaintiff sues Judge Lamb in his official capacity only. Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). "[A] judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982); *see also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an

5

act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

Plaintiff does not allege that Judge Lamb took a non-judicial action or that he acted in the complete absence of jurisdiction. Put another way, plaintiff does not invoke either narrow set of circumstances that would overcome judicial immunity. Thus, plaintiff's claims against Judge Lamb will be dismissed.

## II. Circuit Clerk Beard, Sheriff Harrison, and the Warren County Circuit Court

Plaintiff sues Circuit Clerk Beard and Sheriff Harrison in their official capacities only. Plaintiff also sues the Warren County Circuit Court. An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on his official-capacity claims against the individual defendants, plaintiff must establish that the Warren County Circuit Court and the Warren County Sheriff's Department are liable for the alleged conduct. *Id.* at 1075.

6

To establish such liability, plaintiff must demonstrate that the alleged constitutional violations "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged that any official policy, unofficial custom, or failure to train or supervise on the part of the Circuit Court or Sheriff's Department violated his constitutional rights. Thus, he does not state a claim against the Circuit Court or the individual defendants in their official capacities. For this reason, plaintiff's claims against the remaining individual defendants and the Warren County Circuit Court will be dismissed.[4]

Even if plaintiff had sued Circuit Clerk Beard and Sheriff Harrison in their individual capacities, his claims would still be subject to dismissal. Plaintiff does not identify any specific misconduct by either defendant. Plaintiff instead makes broad conclusory allegations—relating entirely to defendants' supervisory roles—that are not entitled to a presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that the court is free to ignore unsupported conclusions).

To the extent plaintiff seeks damages for the denial of medical care—including psychiatric and dental care—he does not specify which individuals are responsible for this denial. Neither

---

[4] The Court further notes that to the extent plaintiff seeks immediate release from custody, such relief is unavailable in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement").

7

Circuit Clerk Beard nor Sheriff Harrison can be liable based solely upon their roles as supervisors. Supervisory liability is not available in suits brought under 42 U.S.C. § 1983. *Marsh*, 902 F.3d at 754. Rather, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution").

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 3). The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. (ECF No. 2).

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. (ECF No. 3).

Dated this 8th day of January, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE